1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10    MAURICE ANTHONY BROWN,

11                          Plaintiff,              CASE NO. 2:22-cv-00828-LK-GJL

12          v.                                      ORDER GRANTING MOTION
                                                    FOR EXTENSION AND DENYING
      JACI MICHAELIS, *et al*.,                     MOTION TO COMPEL
13
                            Defendants.
14

15          This matter is before the Court on referral and on Plaintiff's motions to require the

16    Washington State Department of Corrections ("DOC") to produce public records and for an

17    extension of time to file an amended complaint. Dkts. 44, 45. For the reasons set forth herein,

18    Plaintiff's motion for an extension (Dkt. 45) is **GRANTED** and Plaintiff's motion for DOC

19    records (Dkt. 44) is **DENIED**.[1]

20          Defendants have filed a motion to stay the remaining case deadlines—and in particular

21    the dispositive motion deadline—pending the consideration of Plaintiff's motions. Dkt. 47.

22

23    [1] Although it is not clear, Plaintiff's motion for an extension may also seek the appointment of counsel. As discussed
      below, the Court denies any such request because conditions in this case have not changed since the Court's
24    previous denial of appointed counsel. *See* Dkt. 33.

1  Although this motion is not yet ripe, the Court finds no response is required and **SUSPENDS** the

2  dispositive motion deadline.

3  **A.  Background**

4  In his operative Complaint, Plaintiff alleges a variety of claims related to his medical care

5  while in the custody of DOC. Dkt. 13. More specifically, Plaintiff alleges Defendants were

6  deliberately indifferent to his medical needs relating to treatment for his diabetes and a condition

7  with his kidneys. *Id*.

8  After the Complaint was served and the Court subsequently entered a Pretrial Scheduling

9  Order (*see* Dkts. 14, 28), Plaintiff filed a motion for leave to file an Amended Complaint. Dkt.

10  31. However, because Plaintiff failed to file a proposed Amended Complaint with his motion, the

11  Court denied the motion for leave to amend without prejudice in an Order entered on March 29,

12  2023. Dkt. 35. The Court also informed Plaintiff he could file a new motion for leave to amend

13  with a complete proposed Amended Complaint on or before April 28, 2023. *See id*.

14  On April 26, 2023, Plaintiff filed a motion for an extension of time to file his Amended

15  Complaint. Dkt. 37. The Court granted Plaintiff's motion on May 1, 2023, directing Plaintiff to

16  file an Amended Complaint on or before May 30, 2023. *See* Dkt. 38. Also on May 1, 2023,

17  Plaintiff filed a Motion for Leave to file an Amended Complaint with an attached proposed

18  second Amended Complaint. Dkt. 39. Defendants responded to the motion, stating they do not

19  oppose the filing of a second Amended Complaint. Dkt. 41.

20  On May 30, 2023, Plaintiff filed another motion for leave to file an Amended Complaint.

21  Dkt. 42. Because Plaintiff had not attached a complete proposed Amended Complaint, the Court

22  denied the motion without prejudice but permitted Plaintiff to file a new motion to amend with a

23  complete proposed Amended Complaint. Dkt. 43. The Court set a deadline of July 3, 2023.

24

Plaintiff now seeks an extension of the deadline for filing his proposed Amended Complaint. Dkt. 45.

Plaintiff has also brought a motion that appears to ask this Court to compel DOC, a non-party, to produce unredacted versions of documents it has previously provided to Plaintiff pursuant to a public records request. Dkt. 44.

Defendants have filed a response to both motions. Dkt. 46. Plaintiff has not filed a reply.

**B.      Motion for DOC Records (Dkt. 44)**

Plaintiff's motion appears to ask the Court to compel DOC to produce unredacted versions of documents it has previously provided to Plaintiff in response to his request under Washington's Public Records Act, RCW 42.56. Dkt. 44 at 1. Defendants contend that Plaintiff has not followed the required procedures to bring a motion to compel pursuant to the Federal Rules of Civil Procedure. They further argue that, to the extent Plaintiff has issues with a Public Records Act response, he must utilize the remedies set forth in that Act. Dkt. 46.

Pursuant to Federal Rule of Civil Procedure 37(a)(1):

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

This Court's Local Rules provide that if the moving party does not provide a certification of a good faith effort to meet and confer, "the court may deny [a motion to compel] without addressing the merits of the dispute." LCR 37(1). The Pretrial Scheduling Order in this case likewise informs the parties of the requirement to meet and confer in advance of bringing a motion to compel, and of the requirement to include a certification of such efforts with any motion to compel. Dkt. 28 at 2.

ORDER GRANTING MOTION FOR EXTENSION
AND DENYING MOTION TO COMPEL - 3

Here, Plaintiff seeks to compel the production of unredacted versions of documents he previously received from DOC through a public records request. Dkt. 44. However, Plaintiff has submitted no evidence that he has made a Request for Production pursuant to Fed. R. Civ. P. 34, and has filed no certification of any attempt to meet and confer with Defendants' counsel before bringing his motion. Therefore, the Court finds Plaintiff has failed to comply with the meet and confer requirement prior to filing his motion to compel. As Plaintiff has not complied with Rule 37, his motion to compel (Dkt. 44) is **DENIED**.

To the extent Plaintiff contends DOC, which is not a party to this case, has failed to comply with the Public Records Act, he must pursue any remedies in a separate action under that Act. *See* RCW 42.56.550.

**C.      Motion for Extension (Dkt. 45)**

      1.      Extension of Time to File proposed Second Amended Complaint

Plaintiff contends he needs additional time to file his proposed Amended Complaint because he is experiencing health problems, is seeking to retain counsel, and has a pending motion to compel. Dkt. 45. Defendants contend an extension is not appropriate in light of the existing case schedule. Dkt. 46 at 4.

Although the Court denies Plaintiff's motion to compel, Plaintiff's health difficulties support an extension of time. If the Court ultimately grants a motion to amend, the scheduling issues raised by Defendants can be addressed by an adjustment of the case schedule. Accordingly, Plaintiff's motion for an extension (Dkt. 45) is **GRANTED**.

      2.      Request for Counsel

Plaintiff's motion for an extension indicates that he is seeking to retain counsel. Dkt. 45 at 1, ¶¶ 1, 3. However, the motion also contains a request that the Court "allow for in forma

pauperis attorney." Dkt. 45 at 2. To the extent this constitutes a request for court-appointed counsel, this Court declines to reconsider its denial of Plaintiff's previous request for counsel. *See* Dkt. 33.

There is no constitutional right to appointed counsel in a § 1983 civil action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

This Court has previously found Plaintiff had not established any of these conditions. Dkt. 33. The Court found this case was not exceptionally complex and that Plaintiff did not face circumstances setting his situation apart from the difficulties faced by any *pro se* litigant. *Id*. Plaintiff's current motion, despite explaining he is in poor health, does not raise any additional matters that would meet this elevated burden.

To the extent Plaintiff is seeking appointment of counsel by the Court, his request is **DENIED**.

**D.     Defendants' Motion to Stay Case Deadlines (Dkt. 47)**

Defendants seek a stay of the remaining deadlines of the case schedule in this case. Dkt. 47. In particular, Defendants note that the current deadline for filing dispositive motions is July 19, 2023, which is likely to pass before Plaintiff has filed his motion to amend his complaint. *Id*.

The Court finds the deadline for filing dispositive motions should be suspended. Any motion for summary judgment addressing the currently operative Complaint would be rendered moot if Plaintiff were permitted to file an Amended Complaint. Accordingly, it is appropriate to suspend the remaining deadlines until it is determined whether the Complaint will be amended. If Plaintiff is permitted to amend his Complaint, the Court will consider any appropriate adjustments to the case schedule.

**E.     Conclusion**

The Court therefore **ORDERS** as follows:

1.      Plaintiff's motion to compel (Dkt. 44) is **DENIED**.

2.      Plaintiff's motion for an extension (Dkt. 45) is **GRANTED**. Plaintiff shall file a motion for leave to amend with a complete proposed second Amended Complaint on or before September 1, 2023. If Plaintiff does not file a motion for leave to amend his complaint by September 1, 2023, the case will proceed with Plaintiff's first Amended Complaint (Dkt. 13) as the operative complaint.

3.      To the extent Plaintiff's motion for an extension also seeks the appointment of counsel, the request is **DENIED**.

4.      Defendants' motion to stay case deadlines (Dkt. 47) is **GRANTED**. The remaining deadlines in the Court's Pretrial Scheduling Order (Dkt. 28) are **SUSPENDED**. If

1   Plaintiff is permitted to amend the operative Complaint, the Court will consider any appropriate

2   revisions of the case schedule.

3          Dated this 18th day of July, 2023.

4

5   _____

6   Grady J. Leupold
    United States Magistrate Judge

7

ORDER GRANTING MOTION FOR EXTENSION
AND DENYING MOTION TO COMPEL - 7