UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAURICE ANTHONY BROWN,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>JACI MICHAELIS, *et al.*,<br><br>　　　　　　　　Defendants. | CASE NO. 2:22-cv-00828-LK-GJL<br><br>ORDER ON MOTION FOR DENIAL OF CHANGE IN COUNSEL |

　　　　This matter is before the Court on Plaintiff's Motion for Denial of Change in Counsel. Dkt. 61. Although the Motion is styled as one to deny change in counsel, Plaintiff is really moving to disqualify defense counsel. He requests that the Office of the Attorney General be precluded from representing Defendants in this suit based on an "inherent conflict of interest." *Id.* As for the source of that conflict, Plaintiff states that he has raised many grievances against the Office of the Attorney General, including filing at least one lawsuit.

　　　　Generally, "'courts do not disqualify an attorney on the grounds of conflict of interest unless the former client moves for disqualification.'" *Kasza v. Browner*, 133 F.3d 1159, 1171 (9th Cir. 1998) (quoting *United States v. Rogers*, 9 F.3d 1025, 1031 (2d Cir. 1993)); *see also*

ORDER ON MOTION FOR DENIAL OF CHANGE IN COUNSEL - 1

*Wilson v. California Dept. of Corr.*, 2007 WL 173789 (E.D. Cal. 2007). Plaintiff may have been involved in litigation against the Office of the Attorney General; however, he is not a former client of that Office nor of the attorneys he seeks to disqualify. As a result, he lacks standing to move for disqualification. Even if Plaintiff had standing to file his Motion, it contains no more than conclusory statements that a conflict exists and allegations of poor case management against the Office as a whole. This is insufficient to disqualify defense counsel from this case.

Accordingly, the Motion (Dkt. 61) is **DENIED**.

Dated this 16th day of January, 2024.

Grady J. Leupold
United States Magistrate Judge

ORDER ON MOTION FOR DENIAL OF CHANGE IN COUNSEL - 2