UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MAURICE ANTHONY BROWN,

Plaintiff,

v.

JACI MICHAELIS, *et al*.,

Defendants.

CASE NO. 2:22-cv-00828-LK-GJL

ORDER DENYING SECOND MOTION TO COMPEL AND MODIFYING PRETRIAL SCHEDULING ORDER

The District Court has referred this prisoner civil rights action to United States Magistrate Judge Grady J. Leupold. Before the Court for consideration is Plaintiff's Second Motion to Compel Discovery. Dkt. 69. The Motion does not include a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action" as required by Rule 37(a)(1) of the Federal Rule of Civil Procedure. As a result, the Motion is **DENIED without prejudice**.

## I. LEGAL STANDARD

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute,

the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). Once the party seeking discovery has established the relevancy of their request, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining, or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).

When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move for an order compelling disclosure. Fed. R. Civ. P. 37. However, the movant must first show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*; *see also See* Local Rules W.D. Wash. LCR 37(1). In other words, a court order compelling discovery is only appropriate upon the movant's showing the parties reached an impasse on a substantive issue. *See Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 WL 1268709, at *3 (W.D. Wash. Mar. 25, 2014); *Branch Banking & Tr. Co. v. Pebble Creek Plaza, LLC*, 2013 WL 12176465, at *1 (D. Nev. July 26, 2013) (judicial intervention is appropriate only when "informal negotiations have reached an impasse on the substantive issue in dispute").

## II. DISCUSSION

Plaintiff's Motion appears to ask the Court to compel production of unredacted versions of documents he has previously received by submitting a public records request pursuant to

Washington's Public Records Act, RCW 42.56. Dkt. 69. Specifically, Plaintiff seeks documents provided by the Washington State Department of Corrections ("DOC")—who is now a party to this suit. *C.f.* Dkt. 48 at 3–4 (denying prior motion to compel discovery of same materials, in part, because DOC was not a party to this suit). The Motion should be denied for two reasons.

First, Plaintiff's Motion does not comply with the certification requirement outlined in the Federal Rules of Civil Procedure and expounded by this Court's Local Rules.

Rule 37(a)(1) of the Federal Rules of Civil Procedure states:

> . . . On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion **must include a certification** that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

The Court's Local Rules provides that if the moving party does not include a certification of a good faith effort to meet and confer, "the court may deny [a motion to compel] without addressing the merits of the dispute." *See* Local Rules W.D. Wash. LCR 37(1). The Local Rules further explain that the meet and-confer requirement entails "a good faith conference in person or by telephone to attempt to resolve the matter in dispute without the court's involvement." LCR 1(c)(6). The Pretrial Scheduling Order in this case likewise informs the parties of the requirement to meet and confer in advance of bringing a motion to compel, and of the requirement to include a certification of such efforts within any motion to compel. Dkt. 65 at 2 ("A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.").

Here, Plaintiff seeks to compel the production of unredacted versions of documents he previously received from DOC through a public records request. Dkt. 69. However, Plaintiff has neither shown nor certified that he met and conferred with Defendants' attorney about discovery before filing the instant Motion. In response to the Motion, Defendants detail the efforts taken

thus far to comply with Plaintiff's discovery requests, but state they are unable to ascertain the specific materials he is requesting and have had difficulty communicating with Plaintiff due to a recent change to his mailing address. Dkt. 71 (Response); *see also* Dkts. 72-1, 72-2, 72-3, 72-4, 72-5 (Discovery Correspondence). Therefore, the Court finds Plaintiff has failed to comply with the meet and confer requirement prior to filing his Motion to Compel.

The Court notes this is the second discovery motion Plaintiff has filed without including the necessary certification. Dkt. 44; *see also* Dkt. 48 at 3–4 (denying prior motion to compel, in part, because Plaintiff did not comply with certification requirement). Recognizing Plaintiff's status as a *pro se* litigant, the Court denies the instant Motion without prejudice. Nevertheless, Plaintiff is advised if he again seeks a court order compelling discovery without first making a good faith effort to resolve his discovery disputes with Defendants (*i.e.*, by providing specific discovery requests and, if necessary, conferring with Defense Counsel telephonically or in-person about those requests) and certifying those efforts in writing, his subsequent motion will be denied without the opportunity to refile.

Second, Plaintiff's Motion is vague and overbroad, which prevents him from demonstrating the relevance of his discovery requests. *Bryant*, 2009 WL 1390794, at *1 ("The party seeking to compel discovery has the burden of establishing that its request satisfies the relevancy requirements of Rule 26(b)(1).").

Plaintiff seeks an order compelling discovery of unredacted versions of "39+ pages and corresponding emails" from Defendants and argues these unspecified documents will help him prove his claims in various ways. Dkt. 69 at 2. Plaintiff was correct to include an explanation of why he believes the requested documents are relevant to his claims. However, he must provide more detail about the specific documents he is requesting so that: (1) Defendants may respond to

his Motion and/or discovery requests and (2) the Court can uphold its own obligation to assess the appropriateness of an order compelling discovery. *Ivins v. Corr. Corp. of Am.*, 291 F.R.D. 517, 520 (D. Mont. 2013) (courts have an "independent obligation" to review discovery requests for specificity and frivolousness before granting a motion to compel).

For example, if Plaintiff still has possession of redacted versions of the documents referenced in his Motion, he may choose to attach copies of those documents with any discovery requests or future motions to compel discovery. Alternatively, if Plaintiff is requesting emails or medical forms, he should include any subject lines, titles, dates or limited date ranges, email addresses, and medical providers associated with those documents. By doing so, Plaintiff will provide notice of the precise documents he is requesting as opposed to an overbroad range of potential materials.

Finally, the Court takes notice that Defense Counsel has exhibited great professionalism in corresponding with Plaintiff about discovery. *See* Dkts. 72-1, 72-2, 72-3, 72-4, 72-5. The Court also notes they may be required to take additional time and care in reviewing Plaintiff's *pro se* discovery requests and interrogatories to facilitate the timely and efficient resolution of any discovery disputes in this case and to adhere to the good-faith requirement of Rule 37(a)(1) and the corresponding Local Rules.

## III. CONCLUSION

For the reasons set forth above, Plaintiff's Second Motion to Compel (Dkt. 69) is **DENIED without prejudice**. Having denied the Motion without prejudice, the Court *sua sponte* **MODIFIES** the Pretrial Scheduling Order (Dkt. 65) as follows:

(1) The deadline for filing Motions to Compel Discovery is **June 7, 2024**;

(2) Discovery is to be completed by **June 28, 2024**; and

(3) Dispositive Motions are due by **July 29, 2024**.

Dated this 3rd day of May, 2024.

                                          Grady J. Leupold
                                          United States Magistrate Judge

ORDER DENYING SECOND MOTION TO
COMPEL AND MODIFYING PRETRIAL
SCHEDULING ORDER - 6