UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MAURICE ANTHONY BROWN,<br><br>Plaintiff,<br>v.<br><br>JACI MICHAELIS, et al.,<br><br>Defendants. | CASE NO. 2:22-cv-00828-LK-GJL<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Grady J. Leupold. Dkt. No. 100. For the reasons explained below, the Court adopts the R&R.

Plaintiff Maurice Anthony Brown commenced this pro se prisoner civil rights action in June 2022. Dkt. No. 1. In his operative complaint, he alleges that his constitutional rights were violated while in the custody of the Washington State Department of Corrections. Dkt. No. 52 at 4–6; *see also* Dkt. No. 100 at 2. Defendants moved for summary judgment for failure to exhaust administrative remedies before filing suit. Dkt. No. 87. Judge Leupold issued an R&R recommending that Defendants' motion be denied. Dkt. No. 100. The R&R concludes that because

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

1  Mr. Brown was no longer in custody at the time that he filed his operative complaint (the second
2  amended complaint), he is not a confined prisoner subject to an exhaustion defense under the
3  Prison Litigation Reform Act. *Id.* at 6. Defendants did not object to the R&R.
4     The Court "shall make a de novo determination of those portions of the report or specified
5  proposed findings or recommendations to which objection is made," and "may accept, reject, or
6  modify, in whole or in part, the recommendations made by the magistrate judge." 28 U.S.C.
7  § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (the Court "must determine de novo any part of the
8  magistrate judge's disposition that has been properly objected to"). As the statute and rule suggest,
9  the Court reviews findings and recommendations "*if objection is made*, but not otherwise." *United*
10 *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution
11 nor the statute requires a district judge to review, de novo, findings and recommendations that the
12 parties themselves accept as correct."). Because Defendants did not object to the R&R's
13 recommendation that their motion for summary judgment be denied, the Court ADOPTS that
14 portion of the R&R.
15    Next, Judge Leupold rejected Mr. Brown's attempt to amend his complaint via his response
16 brief to Defendants' motion for summary judgment. Dkt. No. 100 at 6–7. Because this is an order
17 on a non-dispositive matter (amending of pleadings), the district court will only set it aside if it is
18 "clearly erroneous or is contrary to law," and only if it is properly objected to. Fed. R. Civ. P.
19 72(a). Here, Mr. Brown has not formally objected to the R&R, though he filed a "partial opposition
20 to summary judgment" after the R&R was issued to (among other things) "oppose the denial of
21 adding the defendants back to the suit where Plaintiff never requested they be removed." Dkt. No.
22 101 at 1. Even assuming that this operates as a timely objection pursuant to Federal Rule of Civil
23 Procedure 72(a), the Court agrees with Judge Leupold—to the extent Mr. Brown wishes to add
24 additional defendants, "he may not do so in response to summary judgment" and must instead

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

"move separately and demonstrate good cause for an eleventh-hour amendment to his pleadings." Dkt. No. 100 at 7. In the same vein, Mr. Brown's motion to compel—also included in his "partial opposition," Dkt. No. 101 at 1—is procedurally improper. Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *see also Sergeant v. Bank of Am., N.A.*, No. C17-5232-BHS, 2018 WL 1427345, at *1 n.2 (W.D. Wash. Mar. 22, 2018) ("[R]equests for affirmative relief must be made in a motion, not in the response[.]" (citing LCR 7(b)(1), 7(k))).

For the reasons explained above, the Court ADOPTS Judge Leupold's Report and Recommendation. Dkt. No. 100. Mr. Brown's objection to Judge Leupold's non-dispositive order on the amending of pleadings and motion to compel is OVERRULED.

Dated this 24th day of March, 2025.

*Lauren King*
Lauren King
United States District Judge